## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Esperanza Rangel, | Plaintiff, | Court File No._____ |
| vs. | | **COMPLAINT** |
| Seneca Foods Corporation, | | JURY DEMAND |
| | Defendant. | |

Plaintiff, Esperanza Rangel, for her cause of action against Defendant, Seneca Foods Corporation, states and alleges as follows:

### JURISDICTION AND PROCEDURAL BACKGROUND

1. Plaintiff Esperanza Rangel ("Rangel") is a resident of the City of Rochester, County of Olmsted, State of Minnesota.

2. Defendant Seneca Foods Corporation ("Seneca") is an American food processor and distributor corporation duly authorized to do business in Minnesota with its registered headquarters located at 3736 South Main Street, Marion, New York 14505. Seneca operates over 30 plants throughout the country and employs approximately 3,000 people year-round, and up to 10,000 people seasonally. One of its warehouses and plants is located in Rochester, MN ("Seneca Rochester"). Seneca Rochester is located at 1217—3rd Avenue Southeast, Rochester, MN 55904.

3. Rangel brings this action to redress the wrongs done to her by Seneca, namely whistleblower retaliation in violation of Minnesota's Whistleblower Act, Minn. Stat. § 181.932, subd. 1(1), and battery under state common law. The acts of whistleblower retaliation and battery against Rangel all occurred at the Seneca Rochester plant in Minnesota.

1

4. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1332. Rangel also invokes supplemental jurisdiction of this Court over her state claim against Defendant for common law violations pursuant to 28 U.S.C. §1367, as the common law claims form part of the same case or controversy.

5. Venue for all causes of action stated herein lies in the District of Minnesota as the acts alleged as a basis for the federal claims took place within the boundaries of this state.

**FACTS**

6. Rangel worked at Seneca Rochester as a non-managerial employee from July of 1999 to March 29, 2018. Rangel held various positions and received multiple promotions during her time of employment at Seneca Rochester. Her work performance was always exemplary; she had never been disciplined. Most recently, Rangel worked as a machine operator Class A.

7. At all material times herein, Giovanni Lopez ("Lopez") and Jorge Alvarez ("Alvarez") have been non-managerial employees and co-workers of Rangel at the Seneca Rochester facility. Lopez has been a machine operator Class B, and Alvarez has been a forklift driver. George Torres ("Torres") is a supervising manager at Seneca Rochester.

8. On March 22, 2018, around 8:30 p.m., Rangel intended to take a short break from cleaning the floors to rest her hands. Rangel suffers from carpel tunnel syndrome and discomfort associated with it due to a workplace injury. Lopez interrupted Rangel while she was walking to take her break and asked Rangel what she had been talking about with another co-worker. Alvarez then approached Rangel and pushed her shoulder, so she was suddenly facing Lopez. He then stretched his hand out in front of Rangel's face. Rangel asked him "What is going on?" and "What do you need?" to which Alvarez replied, "Nothing." But when Rangel turned to face Lopez, he had his hand and pointed fingers directly in front of Rangel's face. He then proceeded to try and shove his fingers

2

in Rangel's mouth. It was known that Lopez would stick his hand in his pants, rub his genitals, and then approach women at work and shove his fingers in their mouths, which would force the women to taste and smell his hands. He was also known to approach women and show them naked photos of himself masturbating. This was the first time that Rangel was confronted with Lopez's offensive behavior. Lopez was laughing as he attempted to shove his fingers in Rangel's mouth.

9. He then proceeded a second time to shove his fingers into Rangel's mouth, and this time he succeeded. But because Rangel was wearing a coat over snow pants and had her hands in the pockets of the snow pants, she was unable to use her hands to block Lopez. Instead, she turned her head slightly and then bit the palm of his hand.

10. Rangel left the scene and went into the air compressor room for a few minutes to compose herself—she felt violated and sick to her stomach. She then sought out her supervisor, Torres, to report the incident. When she found Torres, he was already with Lopez. Torres asked Rangel why she had bitten Lopez. When Rangel started to explain to Torres what had happened, Torres refused to listen to what she had to say. He only wanted to know if Rangel had bitten Lopez. Because Torres refused to listen to Rangel, she wrote the incident up and gave the write-up to Torres and her union. Torres then suspended Rangel from work.

11. On March 23, 2018, Rangel reported the incident to Viktor Ratushko, the superintendent of Seneca Rochester. The following day on March 24, 2018, Rangel reported the incident to Stephanie Ochocki who worked in the Human Resource Department of Seneca Rochester. Ochocki informed Rangel that the incident would be investigated. But five days later on March 29, 2018, HR terminated Rangel's employment saying that an investigation had been completed and it was concluded that Rangel was the aggressor thus justifying her termination. At the termination

meeting, Seneca Rochester had a company interpreter present (Rangel speaks very little English), but the interpreter was cut-off from speaking.

## COUNT ONE
## WHISTLEBLOWING

12.     Rangel realleges paragraph 1 through 11 as if fully set forth herein.

13.     After Rangel reported Lopez's assault and battery that violated Minn. Stat. §1.50 as further developed by the Minnesota Criminal Code, Minn. Stat. §609.72, subd. 1, Seneca retaliated against Rangel by terminating Rangel's employment in violation of Minnesota's Whistleblower Act, Minn. Stat. § 181.932, subd. 1(1).

14.     As a direct and proximate result of Seneca's illegal termination of Rangel's employment, Rangel has experienced mental anguish and emotional distress, she has and will incur significant wage and benefits loss, and she is now forced to incur attorney's fees and litigation costs to recover her losses.

## COUNT TWO
## ASSAULT AND BATTERY

15.     Rangel incorporates herein by reference the allegations contained in paragraphs 1 through 14.

16.     Lopez's conduct as described in this Complaint constitutes assault and battery against Rangel. Such conduct caused reasonable fear and apprehension within Rangel that unwanted physical contact by Lopez was imminent and Lopez in fact engaged in unwanted physical contact against Rangel's person.

17.     That Seneca Rochester knew or should have known of these acts of assault and battery on the part of Lopez, and in failing to disavow and put an end to Lopez's conduct Seneca Rochester ratified and became responsible for the conduct of Lopez.

18.     As a direct and proximate result of these acts of assault battery by Lopez for which Seneca Rochester is liable, and for which Rangel, through no fault of her own, lost her employment with Seneca Rochester, Rangel has experienced mental anguish and emotional distress, and she has and will incur significant wage and benefits loss.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff Esperanza Rangel demands a JURY TRIAL and prays that she may have and recover against the Defendant Seneca Foods as follows:

1. For her general and special damages in the amount of $1,000,000;

2. For her costs of suit, including attorney fees, pursuant to Minn. Stat. §181.932;

3. Plaintiff will seek punitive damages pursuant to Minn. Stat. §549.20 in a subsequent motion to amend the pleadings pursuant to Minn. Stat. §549.191; and

4. For such other and further relief as the Court deems just and equitable.

LAW OFFICE OF
SIVERTSON AND BARRETTE, P.A.

Date: August 16, 2018         /s/ Alf Sivertson
Alf E. Sivertson (#122233)
alf.sivertson@sivbar.com
Anja M. Sivertson (#398908)
anja.sivertson@sivbar.com
1465 Arcade Street
Saint Paul, MN 55106-1740
Phone: (651) 778-0575
Facsimile: (651) 778-1149

**ATTORNEYS FOR PLAINTIFF
ESPERANZA RANGEL**

5